J. P. DUFFY COMPANY, Respondent, v. THE CITY OF NEW YORK, Appellant, and JOHN J. McLAUGHLIN and Another, Respondents, and Others, Defendants.— If it had been established by the evidence, followed by proper findings of fact, that the city was justified in terminating the contract under

the provisions of section Q thereof, neither the contractor nor the lienors claiming under the contractor would be entitled to recover any portion of the contract price in view of the failure to prove that anything was due when the contract was terminated. (*Herrmann & Grace* v. *Hillman*, 203 N. Y. 435.) But in this case nothing of the kind appears. There is no evidence or finding that the contractor abandoned the contract, or assigned or sublet the same, or that he did not complete before the expiration of sixty consecutive working days, nor is this latter claim made by the city in the notice which was served upon the contractor. It is true that if the chief engineer was of opinion, and so certified in writing, that the performance of the contract was unnecessarily or unreasonably delayed, or that the contractor was willfully violating any of the conditions or covenants of the contract or specifications, or was executing the same in bad faith or not in accordance with the terms thereof, that then the city might terminate the contract with resultant forfeiture on the part of the contractor of any portion of the contract price not then due; but there is no evidence in the case that the engineer was of such opinion, and the statement contained in the letter from the acting borough president to the contractor, written on the 11th day of November, 1916, is not, for the purpose of effecting this forfeiture, competent evidence that the engineer was of such opinion or that he had so certified in writing. Judgment unanimously affirmed, with costs. Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.